UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STANLEY H. McGUFFIN, Trustee
for BHB Enterprises, L.L.C.,

      Plaintiff/Judgment Creditor,      CIVIL ACTION NO. 06x50135

      v.      DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT,      MAGISTRATE JUDGE VIRGINIA MORGAN

      Defendant/Judgment Debtor.
_____/

## REPORT AND RECOMMENDATION
## ON PENDING MOTIONS

Before the court are several motions for relief in this collection action which seeks to collect on a judgment ordered by the federal bankruptcy court in South Carolina. Oral argument was held on the motions. For the reasons discussed in this Report, it is recommended that the motions be granted as follows:

**#116 Motion for Contempt and for Sanctions as to the Baumhafts**: The court finds that sanctions should be entered against both Baumhafts for their failure to cooperate in the financial discovery and that Michael Baumhaft show cause why he should not be held in contempt.

**#119 Renewed Motion to Appoint Receiver for Restrictions and Conditions and to Add Michelle Baumhaft as a Defendant**: The court finds that a receiver should be appointed and Michelle Baumhaft added as a third party transferee to the extent of all moneys transferred to her or her companies directly or indirectly from Michael Baumhaft.

-1-

**#123 Motion to Liquidate Certain Assets of Michael Baumhaft and for an Interim Restraining Order**: The court finds that this motion should be granted.

*Background:*

This matter is before the court on motions in conjunction with continuing collection efforts. The case began with plaintiff's Registration of a Foreign Judgment in February 2006. The Judgment Creditor Robert C. Horvath seeks to collect on judgments against Michael Baumhaft entered by the federal Bankruptcy Court for the District of South Carolina, C/A No. 97-01975, Adv. Pro. No. 97-80227-W. Plaintiff Stanley McGuffin was Trustee of the former BHB Enterprises LLC (BHB), one of the many businesses of Michael Baumhaft. Michael Baumhaft is a resident of Michigan. BHB was formed on or about December 1995 for the purpose of establishing, owning, and operating gambling casinos throughout the United States. (D/E 1, p. 8) In March 1997, creditors filed an involuntary petition against BHB[1] and in May 1997, the Order Adjudicating the Involuntary Petition was granted and a trustee appointed. The court found that the members failed to observe corporate formalities, did not pay dividends, that the company was insolvent, that funds of the company were siphoned by controlling members and their agents, specifically to Michael Baumhaft and Norman Barman. (D/E 1, pp. 20-28) The bankruptcy court further found that corporate records were not maintained, and it pierced the corporate veil. (D/E 1, p. 29) A Judgment was entered against Michael Baumhaft on or about October 1, 1998. The Bankruptcy Court found that Baumhaft was liable for general and

---

[1]Members of BHB included defendant Harold Barman, Sandra Baumhaft (his then wife), and Lynette Horvath (not a defendant in the bankruptcy case). BHB began operating a video gaming business in Surfside Beach, South Carolina, under the name "Tycoon's" and also operated other bars and businesses in the area. *Id.*

special damages in the amount of $574,223.00 in general damages and $33,201.00 in special damages on the Trustee's 6th adversary claim (D/E 1, p. 38) and for certain post-petition claims in the amount of $12,000 (Trustee's 15th/16th claims).

Collection efforts were delayed due to Baumhaft's incarceration for bank fraud and due to Baumhaft's own bankruptcy action. (#85)

On February 14, 2006, the judgment debtor registered the judgment in this court and began collection activities in the instant case. At the time the instant case was filed, Baumhaft had not appealed from the bankruptcy decision. (D/E 1, p. 1) In September 2006, this court ordered Baumhaft to deposit $450,000 with the court (D/E 64) which was eventually paid over to the judgment creditor. In November 2006, the bankruptcy court issued a "corrected" judgment, which corrected clerical discrepancies. (D/E 85, p. 2) Baumhaft then took an appeal to the federal district court. He argued that instead of the court-determined amount of $607,424.00, the amount on the 6th claim was only $303,712. On September 21, 2007, (D/E 19 in Case No. 06-03617) the district court rejected that contention and denied the appeal. Baumhaft then appealed to the Fourth Circuit Court of Appeals, which denied his appeal on July 8, 2008. (Fourth Circuit # 07-2177). Baumhaft has not paid the judgment amount and collection activities continue.

*Legal Standard*

Federal Rule of Civil Procedure Rule 69 conforms collection proceedings to state law. *Star Insurance Co. v. Risk Marketing Group*, 561 F.3d 656 (7th Cir. 2009). The rule governs collection actions in the federal courts and adopts whatever procedures are followed by the state courts in which the collection is sought, unless there is an applicable federal statute expressly

regulating the execution of judgments. *Maher v. Harris Trust and Sv. Bank*, 506 F.3d 560, 563 (7th Cir. 2007).

Like most states, Michigan permits a broad array of supplemental and equitable collection remedies under Michigan Compiled Laws § 600.6104.  Such remedies are available as part of the Court's equity jurisdiction whenever it is shown on the balance that the following factors favor injunctive relief: (1) justice requires the granting of an injunction; (2) there is no adequate remedy at law; and (3) there is a real and imminent danger of irreparable harm. *Acer Paradise, Inc. v. Kalkaska County Rd. Comm'n,* 262 Mich.App. 193, 684 N.W.2d 903, 910 (2004); *Peninsula Sanitation v. City of Manistique,* 208 Mich.App. 34, 526 N.W.2d 607, 611 (1994); *U.S. ex rel. Scott v. Metropolitan Health Corp*. 2005 WL 3434830, 11(W.D. Mich. 2005).  In the case of *Rogers v. Webster,* 779 F.2d 52, 1985 WL 13788, *2 (6th Cir. 1985), the district court approved the appointment of a receiver.  The Sixth Circuit upheld the order of the district court which also required under Mich. Comp. Laws § 600.6104(3) & (5) the payment of non-exempt property to the Court's clerk for later distribution to the judgment creditor.  Similar orders have been entered by the Western District of Michigan to prevent fraudulent collection avoidance. *U.S. ex rel. Scott v. Metropolitan Health Corp*. 2005 WL 3434830, 12 (W.D. Mich.) and in this district.

In *City of Detroit v. City of Highland Park*, 878 F.Supp. 87, 90 (E.D.  Mich. 1995), Judge Feikens noted that numerous cases stand for the proposition that Rule 69(a) does not prevent a district court from using whatever means are necessary to guarantee compliance with its judgments. *United States v. Harkins Builders, Inc.,* 45 F.3d 830, 832-33 (4th Cir. 1995) (Rule 69(a) is not "inconsistent with the federal policy of affording judgment creditors the right to a

writ of execution to enforce money judgments in federal courts"); *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1227 (7th Cir. 1993); *Hankins v. Finnel,* 964 F.2d 853, 860 (8th Cir. 1992) ("Where state law fails to supply the necessary procedure, or actually stands in the way of enforcement, the district court may take the necessary steps to ensure compliance with its judgment").  In *Paul Rogers v. R. Howard Webster,* 779 F.2d 52 (6th Cir.1985) (unpublished), the court stated that, "[p]rocess subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."  *Id.* quoting *Riggs v. Johnson County,* 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867).

*Discussion*

*#116 Motion for Contempt & for Sanctions as to the Baumhafts*

This motion seeks specific findings of contempt for Mr. and Mrs. Baumhaft's violations of various court orders and for failure to cooperate in discovery.  The order of August 14, 2008 (#103) ordered the depositions of Michael and Michelle Baumhaft and directed them to produce all demanded documents for income and expenses.  Four separate dates were scheduled and the few disorganized papers do not meet the criteria for production.  The court finds that they have failed to comply.

In addition, Michael Baumhaft was directed to submit a list of addresses and the businesses with which he is associated.  He has not done do and refuses to do so, on the grounds that he does not want plaintiff to know what he is doing because it might upset his deals.  This is not a valid basis for failing to comply with the order.  Michael Baumhaft was also ordered to provide statements related to his out of state travel.  He has not done so.

Further, his monthly expenses were limited to $2,000 a month.  Yet, he wrote checks to attorney Fried for $20,000, $11,000 to another attorney, all of which came from their "ARM" [Asset Resource Management] business account–Mr. Fried represented Mr. and Mrs. Baumhaft personally in this action.  Baumhaft has failed to follow the court order.

Order #108 dealt with production of financial records and activity.  Baumhafts were ordered to produce credit cards.  They did not, though they claimed they produced some records. In addition, they claimed that certain laptop computers held ARM's business records and consequently these were ordered to be imaged.  Plaintiff's review shows no actual business activity and no demonstration for why $430,000 made its way into the ARM bank accounts for calendar year 2008.  ARM is now allegedly defunct, but the money remains unaccounted for. The court finds that Baumhafts have failed to obey the court order for disclosure of financial activity and have willingly concealed their financial activity.  Defendants' argument - that counsel simply has not asked the right questions - is disingenuous at best.  The back and forth of whether the company is Michelle's or Michael's, whether Michael is an employee or officer and whether he made money from it and similar arguments which disingenuously parse the meanings of financial "disclosure" demonstrate contempt for the court and for the litigation process.

It is recommended that sanctions be imposed.  The magistrate judge finds that there is more than adequate evidence on the record to hold Michael Baumhaft in contempt and so certifies all the above facts.  It is recommended that the district court order Michael Baumhaft to appear and to show cause if any there be why he should not be incarcerated until such time as he pays the money owing on the judgment or demonstrates where that money is.

*Motion #119: Renewed Motion of Judgment Creditor for Appointment of Receiver and for Comprehensive Collection Remedies*

In this motion, plaintiff asks for broad collection remedies and requests to add Michelle Baumhaft and her "companies" as defendants and to disregard any of the purported corporate forms in the conduct of the Baumhafts' businesses. Plaintiff sought the same relief last summer, but the court denied this without prejudice, after a hearing where the Baumhafts gave their assurances that they would cooperate in financial discovery. They have not done so.

The court finds that Michelle Baumhaft is a third party who holds/held assets of the judgment debtor Michael Baumhaft. Any transfers to her as set forth in the pleadings and on the record were assets of Michael Baumhaft. There is no showing of independent undertakings by her alone. Any funds she handled were the property of the judgment debtor. To the extent that she has sought to conceal that fact, she has participated in a fraud on the court. Thus, she is ordered to deliver up those assets identified by plaintiff's counsel to the judgment creditor in order to partially satisfy the judgment. See, *Star Insurance v. Risk Marketing* 561 F.3d 656, 662 citing *Kennedy v. Four Boys Labor Services, Inc.*, 279 Ill. App. 3d 361 (1996).

In addition, the court finds that a receiver should be appointed to collect all available assets of the judgment debtor from whatever businesses, entities, transferees, accounts or otherwise are to satisfy the full balance of the judgment plus attorney fees and costs. Costs of the receiver are to be added to the amount due under the judgment. It is recommended that the receiver make quarterly reports to the district court as to efforts, amounts recovered, and fees.

The Court's authority under the collection statute is very broad. *Rogers v. Webster,* 779 F.2d 52 (6th Cir. 1985) ("Michigan has given its courts extremely broad authorization to aid

-7-

execution on their judgments[.]").  It has been well documented that efforts at collection here have been only partially successful and the actions of the judgment debtor and transferees far outstrip the time and attention that the court can provide.  Taxpayers who support the court should not have to bear the expense of the extraordinary efforts necessary to undo the concealment and fraud of defendants to hide assets and place them beyond the reach of the judgment creditor.

Therefore, it is recommended that Michelle Baumhaft be added as a defendant, that the corporate forms utilized by either Michelle or Michael Baumhaft be disregarded for the purposes of this collection action, except to the extent that Michelle Baumhaft can demonstrate that Michael has no involvement with her financial activities and/or businesses and that a receiver be appointed by the court and paid for by defendants to undertake further collection efforts.

*#123 Motion to Liquidate Certain Assets of Michael Baumhaft and for an Interim Restraining Order.*

The court finds that this motion should be granted.  The judgment creditor seeks an order to obtain and sell certain watercraft which he contends are the property of the judgment debtor. These four watercraft are identified on Anderson Boat Sales Work Orders 011836 - 011838 and 011888 (Ex. 1 of the motion) as follows:

1)  2009 Calabria sport boat and trailer–purchased approximately 2008 for $54,000;

2 and 3)  Two Seadoos;

4) Odyssey Pontoon Boat and motor.

To the extent that these are held in names other than Michael Baumhaft, the court finds that these individuals are mere nominees (Michelle Baumhaft, Alan Shifman, and an unidentified individual "Smith") based on exhibits and statements at oral argument.

The judgment creditor seeks an order preventing alienation, transfer or encumbrance of the four watercraft and to order their continued storage at Anderson Boat Sales.  The court finds that the watercraft are the property or proceeds of property of Michael Baumhaft and that the efforts to hold or transfer these items to nominee names is unavailing.  Therefore, the court recommends that the motion be granted and the watercraft be seized and sold, any proceeds first going to reimburse Anderson Boat Sales for their storage and related costs with the remainder toward satisfaction of the judgment.

*Conclusion*

In summary, the court finds that it is fundamentally unfair to permit the bankruptcy judgment affirmed by the federal court of appeals to be undermined by Baumhaft's collection avoidance and evasion.  There is no adequate remedy at law if the judgment debtor is permitted to obtain monies which should be paid to the judgment creditor and then transfer those monies to the form of "exempt" assets.  Such collection avoidance/evasion imposes upon the judgment creditor, at the very least, the substantial costs of attempting to vacate such transactions and may as a practical matter defeat any attempt to obtain those monies.  Finally, the action of Baumhaft, his wife, and associates have demonstrated a real and imminent danger of such harm.  The judgment debtor's conduct in this suit has been disreputable and it would be foolish to expect something else in the future.  Accordingly, both the appointment of a receiver and injunctive relief is appropriate.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: June 19, 2009

_____

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Michael & Michelle Baumhaft at 2632 Lari Court, W. Bloomfield, MI 48324 and 27600 Northwestern Hwy, Ste 100, Southfiled, MI 48034 via the Court's ECF System and/or U. S. Mail on June 19, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan

-10-