UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY H. McGUFFIN, Trustee for
BHB Enterprises, LLC,                                  Case No. 06-50135

       Plaintiff,                                    DISTRICT JUDGE
                                                        ARTHUR J. TARNOW
v.
                                                        MAGISTRATE JUDGE
MICHAEL BAUMHAFT, *et al.*,                             VIRGINIA M. MORGAN

       Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [111],
DENYING DEFENDANT'S MOTION
TO PERMANENTLY ENJOIN ENFORCEMENT OF JUDGMENT [107],
and
GRANTING SANCTIONS AGAINST DEFENDANT'S ATTORNEY**

       This Order relates to the February 14, 2006, Registration [1] in this Court of a certified judgment rendered by the United States Bankruptcy Court for the District of Southern Carolina on September 30, 1998. On October 7, 2008, Defendant Michael Baumhaft ("Defendant") filed a Motion to Permanently Enjoin Enforcement of the Judgment [107]. Plaintiff has filed a Response [109], and Defendant has filed a Reply [110]. Pursuant to the Court's prior Order [42], Defendant's Motion [107] was referred to the Magistrate Judge.

       Now before the Court is the Magistrate Judge's Report and Recommendation [111], in which the Magistrate Judge recommends denial of Defendant's Motion [107], and further recommends that the Court enter sanctions against Defendant's filing attorney, who has since been permitted [136] to withdraw from the case. Defendant has filed an Objection [112] to the Report and Recommendation, requesting that he be permitted to withdraw his Motion [107] without prejudice, and that Plaintiff's request for sanctions be denied. Plaintiff has filed an Answer [115] addressing the sanctions issue preserved in Defendants' Objection [112].

1

## I. **BACKGROUND**

In his Motion [107] to enjoin enforcement of the judgment, Defendant argues that Michigan's ten-year statute of limitations[1] bars enforcement of the bankruptcy court judgment that was originally entered on October 1, 1998, in South Carolina, and which was then filed in this Court on February 14, 2006. Specifically, Defendant contends that "the statute of limitations on collection of the [judgment] expired on Sept. 30, 2008." Defendant suggests that in the absence of an applicable federal statute of limitations, the Court should apply Michigan's statute of limitations, and should count from the date on which the original judgment was entered in the South Carolina bankruptcy court. *See* Def.'s Mot. at 3 (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999)). Defendant further notes the existence of a congruent ten-year state statute of limitations on the collection of judgments in South Carolina. *Id*. at 4 (citing S.C. Code Ann. § 15-3-600 (1976)).

At a discovery hearing held the day after the Motion [107] was filed, but before briefing was complete, it appears that there was some discussion about whether the Motion [107] should be withdrawn and defense counsel sanctioned for filing a facially frivolous request for relief.

In his Response [109] filed shortly thereafter, Plaintiff faults Defendant for disregarding clear federal law applicable to the registration of foreign judgments. Specifically, Plaintiff directs the Court to federal appeals court decisions construing certain dimensions of 28 U.S.C. § 1963, the federal statute that governs registration of judgments. *See* Pl.'s Resp. at 2 (citing *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353 (6th Cir. 2002); *Home Port Rentals, Inc., v. Int'l Yachting Group, Inc.*, 252 F.3d 399 (9th Cir. 1983)*; Marx v. Go Publ'g Co.*, 721 F.2d 1272 (9th Cir. 1983); *Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965)). Plaintiff argues that Defendant's failure to acknowledge any of this "well-established authority" merits the

---

[1] In relevant part, the statute reads: "the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment or decree." M.C.L. § 600.5809(3).

imposition of monetary sanctions in the amount of $3,500 pursuant to 28 U.S.C. § 1927. *See Ridder v. City of Springfield*, 109 F.3d 288, 297-98 (6th Cir. 1997) ("'[S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" (internal citations omitted)).

Defendant then filed a Reply [110], complaining that Plaintiff had ignored his communications requesting cessation of collection activities until the Court had ruled on the motion for injunctive relief. Furthermore, Defendant argues that the Sixth Circuit has not squarely decided the issue of how the prescriptive period should be calculated relative to judgments registered pursuant to § 1963, and suggests, without citing any appellate case law in support, that the Sixth Circuit might decide to "follow the inconsistent rulings of other federal circuits." *See* Def.'s Reply at 5 (citing *Condaire*, 286 F.3d 353). Finally, Defendant protests that sanctions are inappropriate because:

> Plaintiff counsel was not surprised or inconvenienced. Nor was this Court inconvenienced. There was no exceptional effort imposed on this Court by reason of Defendant's Motion for injunction or request for adjournment. The hearing lasted about 15minutes. Nor was any research required by the Court on account of the Motion. The Court's ruling from the bench was obvious – to adjourn further proceedings until the ruling on the injunction.

*Id*. at 3-4. Defendant further pleads his lack of access to a federal law library, arguing that he had no reason to believe that the Michigan statute of limitations would not control, and that he "did not anticipate what seems to be a glaring inconsistency in the rulings of several federal courts of appeals" on the issue of how to calculate statutes of limitations governing the enforcement of registered judgments. *Id*. at 4. The Reply [110] concludes with a request that counsel be permitted to withdraw the Motion [107] without prejudice, and that sanctions not be imposed.

In the Report and Recommendation [111] that followed, the Magistrate Judge concluded

that "[t]he prescriptive period applicable to enforcement of the judgment begins to run on the date of registration, rather than on the date judgment was originally entered." The Magistrate Judge further recommended that the Court deny Defendant's Motion [107] to enjoin collection efforts, and impose sanctions in the amount of $2000 payable to the judgment creditor and $1500 payable to the Clerk of the Court.

Plaintiff filed no objection to the Report and Recommendation [111]. Defendant's Objection [112] redirects the Court's attention to the ten-year state-law statute of limitations cited in Defendant's original Motion, and reiterates that the Sixth Circuit has not squarely decided the issue of how the prescriptive period should be calculated relative to judgments registered pursuant to § 1963. The Objection further accuses the Court of harboring a deep bias against Defendant, and of *sua sponte* threatening Defendant with sanctions if he did not withdraw the motion. *See* Def.'s Obj. at 3.

Plaintiff has filed an Answer [115], arguing that Defendant's Objection [112] fails to show how the Magistrate Judge's recommendations are "clearly erroneous or contrary to law, which is the standard of review." *See* Pl.'s Ans. at 1. Among other grounds for objection, Plaintiff finds "remarkable" Defendant's plea that "he lacked access to a federal law library" and notes that, regardless of whether that is actually the case, "[Defendant] apparently still suffers from that condition inasmuch as he fashioned his present objections without regard to controlling legal principles." In that regard, the Court agrees with Plaintiff's assessment.

## II. **STANDARD** **OF** **REVIEW**

Under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), a magistrate judge's nondispositive orders shall not be disturbed upon a party's objection unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the Court affirm the magistrate judge's decision unless, based on the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D.Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

4

The Court has reviewed the record and the pleadings. It finds that the Magistrate Judge's grant of sanctions, the only recommendation to which Defendant has objected, is not "clearly erroneous or contrary to law." For the reasons stated below, Defendant's Objection [111] will be DENIED.

### III. **DISCUSSION**

Defendant does not object directly to the Magistrate Judge's legal analysis of the statute of limitations applicable to a registered judgment, and thus he has failed to preserve the substantive issues for this Court's review. Counsel does, however, raise the fairness of his own legal interpretation as a basis for this Court to reject the award of sanctions for filing a frivolous motion. To that extent, the statute of limitations issue is relevant and merits discussion.

A. STATUTE OF LIMITATIONS GOVERNING REGISTERED JUDGMENTS

The federal statute governing the registration of foreign judgments provides that:

> "[a] judgment in an action for the recovery of money or property entered in any [bankruptcy court] may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

28 U.S.C. § 1963. Section 1963 was enacted with the intent "to spare creditors and debtors alike both the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained." *See* S.Rep. No.1917 (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142.

The seminal opinion construing the statute is *Stanford v. Utley*, authored by then-Judge Blackmun. *See* 341 F.2d 265 (8th Cir. 1965). In *Stanford*, a judgment rendered by a federal district court in Missouri was registered the next day in a federal district court in Mississippi. The question was whether the expiration of the rendering state's statute of limitations for the enforcement of judgments had any effect on enforcement proceedings begun in the registration court, when the registration district's limitations period had not yet expired. *See Stanford*, 341

5

F.2d at 267-68. The *Stanford* court concluded that "§1963 is more than 'ministerial' and is more than a mere procedural device for the collection of the foreign judgment" and that "registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." *Id*. at 268. The court held that the statute of limitations of the registration forum, rather than that of the rendering forum, should apply, but did not address the question of whether the filing date or the registration date triggered the beginning of the prescriptive period. *See id*. The *Stanford* court "emphasize[d] that [its] conclusion [was] one having application to the fact situation of this case. [The court did not] go so far as to say that registration effects a new judgment in the registration court for every conceivable purpose; neither do we say that it fails to do so for any particular purpose." *Id*. at 271.[2]

Following *Stanford*, federal courts, including those of this circuit, have agreed with the general proposition that the laws of the registration forum control the enforcement of the registered judgment. *See Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 358 (6th Cir. 2002) ("[t]he laws of the registering court apply, even when the court rendering the underlying judgment does not allow for similar execution proceedings"); *Dichter v. Disco Corp*., 606 F. Supp. 721 (S.D. Ohio 1984); *United States v. Palmer*, 609 F. Supp. 544 (E.D. Tenn. 1985).

However, no Sixth Circuit authority squarely addresses the question now before this Court: does the applicable limitation period, here determined by reference to Michigan law, start to run upon entry of the original judgment, or upon its subsequent registration? The legislative

---

[2] Although the *Stanford* court specified some of the questions that it acknowledged to be untouched by its ruling, the statute of limitations question now before this Court was not included in that enumeration. *See Stanford*, 341 F.2d at 271 (questions "to be answered in the future" included: "Does the statute's 'same effect' language apply for all purposes and embrace no exception? Does the registration court have power, under [Fed. R. Civ. P. 60], to correct the registered judgment? . . . Is a registered judgment itself subject to registration elsewhere? May a registered judgment be revived by a later reregistration? Is a registered judgment subject to every attack which could be raised in an action on that judgment, such as fraud, lack of jurisdiction, and the like? Is §1963 the equivalent of the Uniform Enforcement of Foreign Judgments Act even though the latter is much more detailed in its provisions? Must full faith and credit be given to a registered judgment?")

6

history of the statute is scant, and there exists "very little pertinent jurisprudence from federal appellate or district courts." *See Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105 (6th Cir. 1974) (attaching as an appendix the legislative history of §1963); *Home Port Rentals,* 252 F.3d at 404; *see also Juneau v. Couvillion*, 148 F.R.D. 558, 560 (W.D. La. 1993) ("Only a handful of courts have addressed the interplay between §1963 registration and state statutes of limitation.").

Two federal courts of appeals have held that the prescription on enforcement of the registered judgment begins to run on the day of registration, just as such prescription would begin to run on an original judgment entered in the registration court. *See Home Port Rentals,* 252 F.3d at 410 ("hold[ing] that prescription of enforcement of a judgment registered pursuant to §1963 in a federal district court located in Louisiana begins to run on registration, without regard to the date the underlying judgment was rendered or became final"); *Marx v. Go Publ'g Co.*, 721 F.2d 1272 (per curiam) (relying on "analogous California law"[3] governing interstate registration of judgments to find "no reason why the statute of limitations rule of the state should not apply to the federal proceeding"); *see also* Kristine Cordier Karnezis, Annotation, *Registration in Federal District Court of Judgment of Another Federal Court Under 28 U.S.C.A. § 1963*, 194 A.L.R. Fed. 531 (2004).

Some state courts, applying their own state law to proceedings involving federally registered judgments, have held to the contrary. *See*, *e.g., Robinson v. First Wyoming Bank, N.A., Jackson Hole*, 909 P.2d 689, 693 (Mont. 1995) (rejecting *Stanford* insofar as it holds that registration under §1963 "creates a new judgment in the registering state" because the extended collections period that could potentially result would have the "deleterious effect of nullifying

---

[3] The *Marx* court's reliance on California state law, rather than federal law, makes that case somewhat distinguishable from the case now before this Court. However, to the extent that analogous state law may be relevant to this question, "[s]tate courts that have interpreted their respective versions of the Uniform Enforcement of Foreign Judgments Act and similar state laws have split on whether the registration state's limitations period runs from the date of registration or rendition." *See Home Port Rentals, Inc., v. Int'l Yachting Group, Inc.*, 95 F. Supp. 2d 623 (W.D. La. 2000), *rev'd*, 252 F.3d 399 (9th Cir. 1983) (collecting state case law).

the limitation period in both the issuing state and the registration state"); *Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 805 So.2d 835, 843 (Fla. Dist. Ct. App. 2001) (holding that the purpose of registering a federal judgment rendered in New York was "to effectuate the lien of [the] judgment, to give it life in the southern district of Florida," and that registration "was not a 'new and independent action'" for limitations purposes, "but only a step in [the judgment's] collection"); *see also* Karnezis, *supra*, 194 A.L.R. Fed. 531.

Finally, substantial federal authority on closely related questions exists to support a non-frivolous argument on the issue of the limitations period governing federally registered judgments. *See United States v. Kellum*, 523 F.2d 1284, 1289 (5th Cir. 1975) (rejecting the idea "that registration created a brand new judgment, to be enforced as if there had never been a judgment in the case," and holding that registration neither renewed nor revived an earlier judgment from another district); *Matanuska Valley Lines, Inc., v. Molitor*, 365 F.2d 358 (9th Cir. 1966) (disallowing registration of an eight-year-old Alaska judgment subject to a ten-year limitations period in Washington, where it would already have expired under that state's six-year statute); *Powles v. Kandrasiewicz*, 886 F. Supp. 1261, 1266 (W.D.N.C. 1995) (rejecting "the proposition put forth in *Stanford* which would treat [a] registration as a 'new judgment' and start the running of the statute anew," and finding that the extended collections period that could potentially result was "repugnant to the laws of both states").

Without ruling on the statute of limitations issue, the Court notes that this is an area of unsettled law, and that there is no squarely controlling precedent in this Circuit. Although there may exist an adequate basis to support a meritorious argument in support of Defendant's requested relief, Defendant has not delivered such an argument to the Court. In the pending Motion to Permanently Enjoin Enforcement of the Judgment [107], Defendant has failed to cite any controlling authority. Even when prompted by Plaintiff's Response [109], Defendant declined to defend the merits of the legal argument raised by his own Motion, thus reinforcing this Court's perception that the Motion has been filed purely for purposes of delay.

B.     SANCTIONS

The Report and Recommendation [111] offers discussion of the several distinct bases upon which sanctions might be imposed in these circumstances, and concludes that, here, the conduct of Defendants' counsel warrants sanctions both under 28 U.S.C. § 1927 and under Rule 11 of the Federal Rules of Civil Procedure. Although the Magistrate Judge makes clear that "[i]t is not the Court's intention to fully compensate either the judgment creditor or the Court" through an award of sanctions, she acknowledges both the compensatory purpose of sanctions under § 1927 (an offending attorney "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of [his or her] conduct"), and the primarily deterrent purpose of sanctions under Rule 11 ("sanction[s] imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"). Noting that Plaintiff suggests sanctions in the amount of $3500, the Magistrate Judge recommends that $2000 be awarded to compensate Plaintiff's counsel, and that a further $1500 be made payable to the Clerk of this Court.

Plaintiff argues convincingly that it is appropriate for the Court to sanction Plaintiff's attorney for filing a motion that failed to apply, analyze, or even to cite, the federal statute that controls registration of foreign judgments, and then for failing to respond to the legal authority presented. Furthermore, the Court simply cannot agree with Defendant's assertions that no inconvenience resulted from the filings surrounding this Motion [107], that "no exceptional effort" was required of the Court, and that "[n]or was any research required by the Court on account of the Motion." To the contrary, the deficiencies of these pleadings have necessitated substantial effort in judicial review. Finally, the Court notes that Defendant continues to ask for "permission" to withdraw the Motion [107] without prejudice, but has made no filing formalizing its withdrawal.[4]

---

[4] As the Magistrate Judge notes, "[e]ven if withdrawn under [defense counsel]'s terms, nothing prevents the motion from being refiled at a later time, engendering more delay and more review."

Defendant's Objection [112] fails to acknowledge the controlling standard of review. Still, the Court finds that Defendant fails to show that the Magistrate Judge's recommendations are "clearly erroneous or contrary to law" so as to mandate reversal, Defendant having failed to cite *any* of the existing law that might support his position. The Court has not "left with the definite and firm conviction that a mistake has been committed" by the Magistrate Judge. *See Sandles*, 2007 WL 4374077 at 1 (citing *United States Gypsum Co.*, 333 U.S. at 395).

Therefore, Defendant's Objection [112] to the Report and Recommendation [111] will be DENIED.

## IV. CONCLUSION

The Court has reviewed the record and the pleadings, and finds that Defendant's Objection [112] does not cite authority or advance argument sufficient to sustain a finding that the Report and Recommendation is "clearly erroneous or contrary to law," as would be required for its reversal. *See* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Therefore, for the reasons stated above,

**IT IS HEREBY ORDERED** that the Report and Recommendation [111] is **ADOPTED** and entered as the findings of the Court.

**IT IS FURTHER ORDERED** that Defendant's Objections [112] thereto are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **GRANTED** in the amount specified by the Magistrate Judge: that is, in the amount of $2000 payable to the counsel for the judgment creditor, and $1500 payable to the Clerk of Court for the United States District Court for the Eastern District of Michigan.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Permanently Enjoin Enforcement of Judgment [107] is **DENIED**.

**SO ORDERED.**

                    S/ARTHUR J. TARNOW
                    Arthur J. Tarnow
                    Senior United States District Judge

Dated: June 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2010, by electronic and/or ordinary mail.

                    S/FELICIA M MOSES for LISA M. WARE
                    Case Manager