UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY H. McGUFFIN, Trustee for
BHB Enterprises, LLC,       Case No. 06-50135

    Plaintiff,       DISTRICT JUDGE
    ARTHUR J. TARNOW
v.

    MAGISTRATE JUDGE
MICHAEL BAUMHAFT, *et al.*,       VIRGINIA M. MORGAN

    Defendants.
                        /

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS [142] and [150],**

**GRANTING PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS [116],**

**GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER [119]
and ADDING MICHELLE BAUMHAFT AS A DEFENDANT,**

**and**

**GRANTING PLAINTIFF'S MOTION FOR LIQUIDATION OF PROPERTY [123]**

    Pursuant to the Court's prior Order [42], numerous Motions [116], [119], and [123] have been referred to the Magistrate Judge. Now before the Court is the Magistrate Judge's refiled Report and Recommendation [150], which corrects two typographical errors that appeared in its first filing [142]. Defendant has filed Objections [143] and [152], and Plaintiff has filed a response [144] to those objections.

    In the Report and Recommendation [150], the Magistrate Judge reviews the pending motions and recommends that: sanctions should be entered for the Baumhafts' failure to cooperate in discovery and that Michael Baumhaft should show cause why he should not be held in contempt; a receiver should be appointed and Michelle Baumhaft added as a defendant, and; the Court should order liquidation of certain property belonging to Michael Baumhaft.

1

For the reasons stated below, the Report and Recommendation will be ADOPTED as the findings of the Court.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), a magistrate judge's nondispositive orders shall not be disturbed upon a party's objection unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the Court affirm the magistrate's decision unless, based on the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D.Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court has reviewed the record and the pleadings. It finds that none of the three portions of the Report and Recommendation [150] to which Defendant has properly objected [143] is "clearly erroneous or contrary to law."

## II. DISCUSSION

Defendant has identified four bases for objection to the Report and Recommendation, arguing that: (1) Plaintiff's underlying judgment in this action is no longer enforceable; (2) the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the contempt motion; (3) the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the receivership motion, and; (4) the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the liquidation motion.

### A. ENFORCEABILITY OF THE UNDERLYING JUDGMENT

Defendant first objects that the underlying judgment in this case "is no longer enforceable under applicable law." *See* Def.'s Obj. at 2-5.

The enforceability of the Registered Judgment [1] at the foundation of this litigation has previously been briefed in the parties' filings [107], [109], and [110], and decided in the

Magistrate Judge's Report and Recommendation [111]. Defendant filed an Objection [112] to that Report and Recommendation [111], but as the Court has noted in its prior Order [156], "Defendant [did] not object directly to the Magistrate Judge's legal analysis of the statute of limitations applicable to a registered judgment, and thus [Defendant] failed to preserve the substantive issues for this Court's review." *See* Order [156] at 5.

To raise a timely objection to the enforceability of the judgment, and to seek the Court's *de novo* review of that question of law, Defendant would have been required to submit a "specific written objectio[n]" to the earlier-filed Report and Recommendation [111] within the statutorily prescribed time period. *See* Fed. R. Civ. P. 72(b)(2).

The issue is not presented in the Magistrate's current Report and Recommendation [150], and is therefore not properly subjected to the Court's review. Thus, Defendant's Objection [143] to the enforceability of the judgment is DENIED.

B. THE CONTEMPT MOTION

Next, Defendant objects that the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the contempt motion. *See* Def.'s Obj. at 5-10.

The Court notes at the outset that, to the extent that "Defendant and Nonparty [Michelle Baumhaft] incorporate by reference their [prior] pleadings" as bases for their current Objections [143], that incorporation falls short of the specificity requirement for objections filed against a Magistrate Judge's proposed findings and recommendations. *See* Def.'s Obj. at 5, 10, 12; Fed. R. Civ. P. 72(b)(2). Furthermore, Defendant's objections to the content and quality of Plaintiff's pleadings do not direct the Court to any alleged error in the Report and Recommendation. *See* Def.'s Obj. at 6.

Defendant devotes the remainder of the discussion on this issue to the Sixth Circuit's standard for a finding of civil contempt. *See id.* at 7, 7-10 (citing *United States v. Conces*, 507 F.3d 1028 (6th Cir. 2007)). Defendant alleges that Defendant has not violated any discovery orders or other orders in this case, and that "no due process of law was afforded to anyone in connection with the Contempt Motion, and no evidence was presented in connection with same."

3

*Id*. at 9-10. Plaintiff responds by noting that Defendant's assertion of an absence of due process – and indeed, Defendant's specific assertion of the absence of a hearing, *see* Def.'s Obj. at 9 – is inaccurate in light of the hearing held by the Magistrate Judge on the Motion for Contempt [116], and on both other Motions [119] and [123] that are the subject of the current Report and Recommendation [150].

Finally, the Court notes that the Magistrate Judge does not recommend that a finding of contempt be entered forthwith. Rather, "[t]he Magistrate Judge finds that there is more than adequate evidence on the record to hold [Defendant] in contempt and so certifies all the [recited] facts," and recommends that Defendant should "appear" and " show cause why he should not be held in contempt." *See* Report and Recommendation at 1, 7.

Accordingly, the Court enters no finding of contempt at this time. The Magistrate Judge's recommendation will be ADOPTED, and Defendant shall be compelled to appear and show cause why he should not be held in contempt for failure to cooperate in discovery. A Notice of Hearing will be docketed accordingly.

### C. THE RECEIVERSHIP MOTION

Next, Defendant objects that the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the receivership motion. *See* Def.'s Obj. at 10-12.

The Magistrate Judge recommends that Michelle Baumhaft be added as a defendant to this action, and that "a receiver be appointed by the court and paid for by Defendants to undertake further collection efforts" in this case. *See* Report and Recommendation at 8.

Defendant's primary objection seems to be that Michelle Baumhaft, who is Defendant's wife, should not "be summarily subjected to entry of a judgment against her for what appears to be either the entire amount owed by Defendant on Plaintiff's judgment," and that to add her as a defendant would be to prevent her from responding to "claims that have never been properly raised or asserted" against her. *See* Def.'s Obj. at 10, 11.

The Court notes that Michelle Baumhaft is *not* listed as a defendant to the South Carolina bankruptcy judgment. To add her as a defendant to this action would neither deny her due

4

process, as Defendant contends, nor would it establish liability or preclude her from responding to any future filings. It would also not prevent the Court from making relevant determinations regarding the "fraudulent transfers or other misconduct" that Defendant suggests might "eventually" be found. *See* Def.'s Obj. at 12.

Therefore, the Court ADOPTS the Magistrate Judge's recommendation that Michelle Baumhaft be added as a defendant to this action.

Furthermore, Defendant has failed to identify any error in the Magistrate Judge's recommendation that a receiver be appointed to manage further collection efforts in this case. Therefore, the Court also ADOPTS that recommendation. To that effect, Plaintiff will be required to submit a proposed order for the Court's approval.

### D. THE LIQUIDATION MOTION

Finally, Defendant objects that the Report and Recommendation is clearly erroneous and contrary to law as to its findings on the receivership motion. *See* Def.'s Obj. at 12-13.

Defendant's brief objection is based on the contention that the property to be liquidated – one sport boat and trailer, two Seadoos, and one Pontoon boat and motor – are subject to the property interest of another judgment creditor. However, Defendant fails to provide the Court with sufficient evidence to facilitate a review of that possibility.

In the absence of any substantiation of Defendant's objection, the Court ADOPTS the Magistrate Judge's finding that the property in question should be liquidated and the proceeds applied as specified in the Report and Recommendation. *See* Report and Recommendation at 9. To that effect, Plaintiff will be required to submit a proposed order for the Court's approval.

### IV. CONCLUSION

The Court has reviewed the record and the pleadings, and finds that Defendant's Objections [143] do not cite authority or advance argument sufficient to sustain a finding that the Report and Recommendation is "clearly erroneous or contrary to law," as would be required for

its reversal. *See* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Therefore, for the reasons stated above,

**IT IS HEREBY ORDERED** that the Report and Recommendation [142], as corrected by its superseding version [150], are **ADOPTED** and entered as the findings of the Court.

**IT IS FURTHER ORDERED** that Defendant's Objections [143] and [152] thereto are **DENIED**.

**IT IS FURTHER ORDERED** that, as to Defendant Michael Baumhaft only, Plaintiff's Motion for Contempt [116] is **GRANTED**, insofar as Defendant Michael Baumhaft shall be compelled to appear and show cause why he should not be held in civil contempt. A Notice of Hearing will be docketed accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion [119] is **GRANTED** to the extent that a receiver shall be appointed to continue collection proceedings in this matter. As directed above, Plaintiff shall submit a proposed order to this effect for the Court's approval.

**IT IS FURTHER ORDERED** that the case caption be amended to reflect that Michelle Baumhaft is added as a defendant to this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Liquidation of Certain Personal Property [123] is **GRANTED**. As directed above, Plaintiff shall submit a proposed order to this effect for the Court's approval.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: June 17, 2010
I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2010, by electronic and/or ordinary mail.

S/Felicia Moses for LISA M. WARE
Case Manager