UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY H. McGUFFIN, Trustee
for BHB Enterprises, LLC,

    Plaintiff,                             CIVIL ACTION NO. 06-50135

v.                                       DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT, et al.,        MAGISTRATE JUDGE MARK A. RANDON

    Defendants.
_____/

**ORDER GRANTING RECEIVER'S MOTION TO COMPEL DEFENDANT
TO COMPLY WITH WRIT OF GARNISHMENT UPON
PRINCIPAL MORTGAGE REDUCTION, LLC (DKT. NO. 309)**

This matter is before the Court on the Receiver's motion to compel Defendant Michael Baumhaft to comply with a periodic (wage) garnishment served upon Principal Mortgage Reduction, LLC ("Principal") (Dkt. No. 309).  According to the Receiver, Defendant is the sole owner of Principal.  Defendant has objected to the garnishment; he insists that a wage garnishment is not permissible because this Court entered an installment payment order on July 15, 2011 (Dkt. No. 312).  The Receiver argues that the July 15, 2011 Order was not an installment payment order on the judgment; it was to satisfy outstanding payments due to the Receiver for his services; and that, in any event, Defendant failed to comply Mich. Comp. Laws 600.6201 et. seq., which state the requirements for requesting an installment payment order.  For the reasons indicated below, the Court finds that the July 15, 2011 Order was not an installment payment order; therefore, Defendant must comply with the writ of garnishment upon Principal.

## I.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located ..."  Therefore, the existence of an installment order must be determined under Michigan law.

Michigan Court Rule 3.104(A) states, "[a] party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments in accordance with MCL 600.6201 et seq."  Michigan Compiled Laws Sections 600.6201 et seq., in turn, sets forth the procedure for a party to request payment of a judgment in installments.  In particular, Section 6205 requires:

> [t]he petition of the defendant [for installment payments] *shall* be supported by the affidavit of the moving party setting forth his inability to pay the judgment with funds other than those earned by him as wages, and setting forth the name and address of his employer, the amount of the wages and the date of payment thereof.

(Emphasis added).

Once the court enters an installment order, "[t]he garnishment of any money due or to become due for the personal work and labor of the [garnishee] ... is prohibited" without further order of the court. Mich Comp. Laws § 600.6231. However, with the exception of a wage garnishment, the statute does not "prohibit a plaintiff from taking any legal means for the collection of a judgment [i.e., bank account garnishments, tax garnishments, etc.]." Mich. Comp. Laws § 600.6245.

Here, Defendant did not comply with the mandates of Mich. Comp. Laws § 600.6205. He did not submit a supporting affidavit, and the July 15, 2011 Order

contains no indication that it is intended to be an installment payment order on the judgment. Further, the order appointing the Receiver (Dkt. No. 171) provides: "compensation for receivership services shall be made at the standard rate of $300.00 PER HOUR, plus COSTS AND EXPENSES. Payments shall be drawn periodically from the proceeds of the receiver's collections." Therefore, the Receiver's interpretation of the July 15, 2011 Order is correct. Any payment made in excess of the Receiver's compensation of services must be applied to the outstanding judgment. Accordingly,

IT IS ORDERED that the Receiver's motion to compel is GRANTED. Defendant's objection to the periodic (wage) garnishment served upon Principal Mortgage Reduction is OVERRULED and compliance with the garnishment is ordered until this Court has ruled upon a properly filed motion for installment payments and/or a motion to modify its July, 15 2011 Order.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2012

*Certificate of Service*

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 3, 2012, by electronic and/or first class U.S. mail.

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*